LINDA GRYNKEWICH *v.* KEVIN McGINLEY
(2738)

HULL, BORDEN and SPALLONE, Js.

Argued January 18—decision released April 16, 1985

*Rita A. Steinberger,* with whom, on the brief, was *Lawrence J. Merly,* for the appellant (defendant).

SPALLONE, J. The defendant is appealing from the trial court's dismissal, suo motu, of his counterclaim for lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). Connecticut General Statutes §§ 46b-90 through 46b-119.

The following facts are undisputed. The plaintiff and the defendant lived together in British Columbia, Canada, from April, 1978, until November, 1982. During that time, they had one child, Macon McGinley, born December 10, 1978. In addition to Macon, two other children lived with the parties: Alexis Grynkewich, the daughter of the plaintiff and her estranged husband, Gregory Grynkewich; and Alanah McGinley, the daughter of the defendant and a former wife. The defendant had legal custody of Alanah. In November, 1982, the plaintiff, without the defendant's knowledge, brought the three children to the United States. A private investigator employed by the defendant located the plaintiff and the children in West Haven, where they were staying with Gregory Grynkewich and another man. In February, 1983, the plaintiff sent Alanah back to British Columbia, where she is now in the care of the defendant.

On March 21, 1983, the plaintiff instituted this action in New Haven for a court order granting her custody of Macon. The defendant filed an answer and a counterclaim in which he sought custody of both Macon and Alexis. Slightly over a month later, the plaintiff withdrew her complaint, stating that at the time she brought the action she was contemplating becoming a resident of Connecticut, but that she had since changed her plans and moved to another state.[1] She

---

[1] The plaintiff's counsel represented to the trial court that the plaintiff had moved to Georgia.

also filed a motion to dismiss the defendant's counterclaim for lack of personal jurisdiction. The trial court found that since the plaintiff had not filed her motion to dismiss within thirty days after she had cause to know of the counterclaim by virtue of her appearance, she had waived the claim of lack of personal jurisdiction. Practice Book § 144. The court then dismissed the counterclaim for lack of subject matter jurisdiction under the UCCJA.[2]

In appealing from the dismissal of his counterclaim, the defendant argues that the trial court erred in concluding that it did not have subject matter jurisdiction when it had not taken any evidence from the parties on that question. We agree.[3]

The UCCJA creates a two tier approach to the issue of jurisdiction. *Campbell* v. *Campbell,* 388 N.E.2d 607,

---

[2] Although the allegations of both the complaint and counterclaim are ambiguous as to what statutory procedure the parties are utilizing, we are considering this action as being brought under General Statutes § 46b-61, which provides: "In all cases in which the parents of a minor child live separately, the superior court for the judicial district where the parties or one of them resides may, on the complaint of either party and after notice given to the other, make any order as to the custody, care, education, visitation and support of any minor child of the parties, subject to the provisions of sections 46b-54, 46b-56, 46b-57 and 46b-66." The intent of the legislature in enacting that statute was to expand the jurisdiction of the superior court in matters regarding minor children "to controversies involving parents . . . [who] were never married. . . . 17 H.R. Proc., Pt. 6, 1974 Sess., p. 2805." *Stevens* v. *Leone,* 35 Conn. Sup. 237, 239, 406 A.2d 402 (1979).

A "[c]ustody determination" under the UCCJA "means a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person or any matter properly within the jurisdiction of any Court of Probate." General Statutes § 46b-92 (2). As this matter is not one involving any monetary obligation or one which is properly within the jurisdiction of any Court of Probate, the trial court was correct in turning to the UCCJA for guidance as to its jurisdiction.

[3] We note that the plaintiff did not file a brief in this appeal and that neither the plaintiff nor her attorney appeared at oral argument before this court. This case, therefore, is being decided on the basis of the record and the defendant's brief.

608 (Ind. App. 1979). The first is contained in General Statutes § 46b-93, which establishes the general class of custody cases that will be within the trial court's jurisdiction.[4] The second tier is embodied in General Statutes § 46b-97, which is intended to vest only one state with jurisdiction at any given time.[5] *Campbell* v.

---

[4] General Statutes § 46b-93 provides: "(a) The superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

"(b) Except under subdivisions (3) and (4) of subsection (a) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(c) Physical presence of the child is not a prerequisite for jurisdiction to determine his custody."

[5] General Statutes § 46b-97 provides: "(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

"(b) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

"(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdic-

*Campbell,* supra, 609–10; Unif. Child Custody Jurisdiction Act § 7, Commissioners' Note, 9 U.L.A. 139 (1979). In order to bring about a measure of interstate stability in custody awards, the UCCJA "limits custody juris-

tion. For this purpose it may take into account the following factors, including but not limited to: (1) Another state is or recently was the child's home state; (2) another state has a closer connection with the child and his family or with the child and one or more of the contestants; (3) substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily availabe in another state; (4) the parties have agreed on another forum which is no less appropriate; and (5) the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 46b-91.

"(d) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

"(e) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

"(f) The court may decline to exercise its jurisdiction under this chapter if a custody determination is incidental to an action for dissolution of marriage, divorce or another proceeding while retaining jurisdiction over the dissolution of marriage, divorce or other proceedings.

"(g) If it appears to the court that it is clearly an inappropriate forum, it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.

"(h) Upon dismissal or stay of proceedings under this section, the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other apppropriate official for forwarding to the appropriate court.

"(i) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact."

diction to the state where the child has his home or where there are other strong contacts with the child and his family." Unif. Child Custody Jurisdiction Act, Commissioners' Prefatory Note, 9 U.L.A. 114 (1979). With the goal of opening up lines of communication and avoiding jurisdictional conflict, the UCCJA establishes a procedure which rests upon the notion that one state must assume major responsibility to determine who is to have custody of a particular child. Id.

Here, the court, on its own motion, dismissed the counterclaim. No affidavits as to subject matter jurisdiction had been filed and the parties were given no opportunity to present facts to explicate that question. A court's decision on whether it has jurisdiction to make a child custody determination under General Statutes § 46b-93 should only be made "after a plenary hearing and with a full explication of the facts essential to the decision." 1 McCahey, Kaufman, Kraut & Zett, Child Custody and Visitation Law and Practice § 4.01 [4]. A court's competency to make this jurisdictional analysis does not create subject matter jurisdiction over the merits of the proceeding. *Campbell* v. *Campbell,* supra, 609 n.2. It does, however, advance the intent of the UCCJA by enabling the court "to arrive at a fully informed judgment which transcends state lines and considers all claimants, residents and nonresidents, on an equal basis and from the standpoint of the welfare of the child." Unif. Child Custody Jurisdiction Act, Commissioners' Prefatory Note, supra.

It is amply clear that a finding as to whether jurisdiction exists under any provision of General Statutes § 46b-93 rests upon a determination of fact by the trial court. The failure of a trial court to implement fully the multi-step process of the UCCJA in determining child custody jurisdiction and whether to exercise jurisdiction "will usually result upon appeal in a reversal or remand for further proceedings and appropriate

findings." 1 McCahey, Kaufman, Kraut & Zett, supra; see *Kioukis* v. *Kioukis*, 185 Conn. 249, 257, 440 A.2d 894 (1981). This is such a case.[6]

Without comment as to the merits of the defendant's counterclaim and with full awareness that the court may ultimately decline jurisdiction under General Statutes § 46b-97, we remand this case for an evidentiary hearing on its jurisdiction under General Statutes § 46b-93.

There is error, the judgment is set aside and the case remanded for further proceedings.

In this opinion the other judges concurred.

---

[6] It is possible that facts adduced at an evidentiary hearing on remand might reveal that Connecticut has jurisdiction under the "best interest of the child" test in General Statutes § 46b-93 (a) (2). This is a determination which cannot be made by this court on appeal. *Kioukis* v. *Kioukis,* 185 Conn. 249, 257, 440 A.2d 894 (1981).