LORRAINE M. MOLL *v*. CHARLES D. GIANETTI
(3586)

HULL, SPALLONE and BIELUCH, Js.

Argued February 14—decision released June 24, 1986

*Mark F. Gross*, for the appellant (defendant).

*Eugene A. Skowronski*, for the appellee (plaintiff).

BIELUCH, J. The sole issue presented by this appeal is whether the trial court correctly awarded attorney's fees to the plaintiff in connection with her action for custody and child support against the defendant father of the parties' child.[1] We find no error.

The facts are not in dispute. The parties are the parents of a child born on October 1, 1976. The defendant acknowledged paternity of the child and initially

---

[1] At oral argument the defendant expressly abandoned his claim of error in the support award.

permitted the plaintiff and the child to live at a home owned by him in Trumbull without charge.

By complaint filed May 27, 1983, the plaintiff brought the present action seeking custody and support of the child and attorney's fees. By judgment rendered September 12, 1985, the court awarded the plaintiff custody of the child, support of the child in the amount of $250 per week, and attorney's fees of $5200 for fifty-two hours of legal work at $100 per hour. The defendant's sole claim on appeal is that the award of attorney's fees was excessive in light of the statutory criteria to be employed by the court for such awards. We disagree.

Before we can reach the question presented, a threshold question must first be answered. That question is whether any attorney's fees may be awarded in an action for child support when the child's parents were never married. Although the statutory basis for this action is not evident in the record before us, we conclude that these proceedings were authorized by General Statutes § 46b-61, which pertains to orders as to the custody, care, education, visitation and support of any minor child of parents who live separately. We have previously held that in matters under its provisions, § 46b-61 applies equally to controversies involving married or divorced parents living separately and parents who were never married. *Grynkewich* v. *McGinley*, 3 Conn. App. 541, 543 n.2, 490 A.2d 534 (1985). In a support action involving parents who were never married to each other, § 46b-61 authorizes the appointment of an attorney for a minor child under the provisions of General Statutes § 46b-54. Thus, in any circumstance, a minor child of legitimate or illegitimate birth is entitled to the appointment of an attorney in his or her best interests. Payment for such counsel is provided for by that portion of General Statutes § 46b-62 which provides that "[i]f, in any proceeding under this chap-

ter . . . the court appoints an attorney for a minor child, the court may order the *father or mother, or both,* to pay the reasonable fees of the attorney . . . . '' (Emphasis added.) The incongruity here arises from that portion of § 46b-62 which provides that "[i]n any proceeding seeking relief under the provisions of this chapter [including § 46b-61] . . . the court may order *either spouse* to pay the reasonable attorney's fees of the other . . . . '' (Emphasis added.)

The issue before us is framed by the provisions of §§ 46b-61, 46b-62 and 46b-54 which, in conjunction, provide that in an action for support of an illegitimate child brought by the custodial parent, the counsel fees thereby incurred by that parent cannot be recovered from the noncustodial parent, while the fees incurred by a parent for support of a legitimate child may be recoverable from the other parent. This is in contradistinction to the provision of § 46b-62 for payment by either parent of reasonable fees incurred by counsel representing minor children in or out of wedlock. Such a distinction in the payment of counsel fees incurred by a parent to obtain support for an illegitimate child is illogical and inconsistent with the legislature's express purpose in the expansion of § 46b-61 to apply to "any order as to the custody, care, education, visitation and support of any minor child" born to unmarried parents.[2] More importantly, such an exception regarding payment of counsel fees of an

---

[2] A review of the legislative history of General Statutes § 46b-61 discloses that in 1974 the phrase "[i]n any case in which any husband and wife" was replaced by "[i]n all cases in which the parents of a minor child." Public Acts, 1974, No. 74-169, § 12. The express purpose of this amendment was to expand the court's jurisdiction to "controversies involving parents . . . [who] were never married. This permits the Superior Court to provide for the custody and care and support of minor children." 17 H.R. Proc., Pt. 6, 1974 Sess., p. 2805; see also *Grynkewich* v. *McGinley,* 3 Conn. App. 541, 543 n.2, 490 A.2d 534 (1985); *Stevens* v. *Leone,* 35 Conn. Sup. 237, 239, 406 A.2d 402 (1979).

unmarried custodial parent violates the constitutional principle of equal protection of law. U.S. Const., amend. XIV § 1; Conn. Const., art. I § 1.

"The status of illegitimacy has expressed through the ages society's condemnation of irresponsible liaisons beyond the bonds of marriage. But visiting this condemnation on the head of an infant is illogical and unjust. Moreover, imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual—as well as an unjust—way of deterring the parent. Courts are powerless to prevent the social opprobrium suffered by these hapless children, but the Equal Protection Clause does enable us to strike down discriminatory laws relating to status of birth where—as in this case—the classification is justified by no legitimate state interest, compelling or otherwise." (Footnotes omitted.) *Weber* v. *Aetna Casualty & Surety Co.,* 406 U.S. 164, 175–76, 92 S. Ct. 1400, 31 L. Ed. 2d 768 (1972). "[A] State which grants an opportunity for legitimate children to obtain paternal support must also grant that opportunity to illegitimate children." *Mills* v. *Habluetzel,* 456 U.S. 91, 97, 102 S. Ct. 1549, 71 L. Ed. 2d 770 (1982). Such an opportunity for support "must be more than illusory." Id. Thus, the United States Supreme Court has ruled that state restrictions on support actions by or for illegitimate children will only " 'survive equal protection scrutiny to the extent they are substantially related to a legitimate state interest.' " *Pickett* v. *Brown,* 462 U.S. 1, 8, 103 S. Ct. 2199, 76 L. Ed. 2d 372 (1983), quoting *Mills* v. *Habluetzel,* supra, 99.

To construe § 46b-62 so as to deny a custodial parent the right to collect, from the noncustodial parent, counsel fees incurred in an action under § 46b-61 for

support of an illegitimate child would effectively preclude the pursuit of support from noncustodial parents on behalf of the class of illegitimate children in need of maintenance by custodial parents without funds to prosecute such suits. Indeed, such a financial restriction would be in direct conflict with the policy expressed by the legislature in the 1974 extension of § 46b-61 to illegitimate children and the parallel provisions of surrounding statutes for payment of reasonable fees of counsel for all minor children regardless of social or familial characterization. It would be a legislative hoax to permit an action for support of illegitimate children under § 46b-61 and at the same time to bar effectively such actions for their support in cases of greatest need exhibited by custodial parents who, because of indigency, cannot even enter the courtroom for want of counsel fees.

"[W]here a statute permits two constructions, one valid and the other invalid as unconstitutional, the valid construction should be adopted, even where it is not the obvious one." *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 134, 394 A.2d 731 (1978); *Adams* v. *Rubinow,* 157 Conn. 150, 153, 251 A.2d 49 (1968). " '[W]here one construction will sustain the validity of an act while another will not do so, a court is justified in adopting the former even at the expense of departing from the literal meaning of the words used.' " *Patry* v. *Board of Trustees,* 190 Conn. 460, 470, 461 A.2d 443 (1983), quoting *Wilson* v. *West Haven,* 142 Conn. 646, 654–55, 116 A.2d 420 (1955). " 'We are bound to assume that the legislature intended, in enacting a particular law, to achieve its purpose in a manner which is both effective and constitutional.' " (Citations omitted.) *Alexander* v. *Robinson,* 185 Conn. 540, 546, 441 A.2d 166 (1981). In accord with these broad principles of statutory construction and with the obvious constitutional infirmity of the statute if read strictly, we con-

clude that General Statutes § 46b-62 must be construed to permit the award of attorney's fees in child support actions filed on behalf of illegitimate children.

Having concluded that reasonable attorney's fees may be awarded in the present action, we now reach the issue of whether the fees allowed were excessive.

Section 46b-62 expressly directs the court to award reasonable attorney's fees "in accordance with [the parties'] respective financial abilities and the criteria set forth in section 46b-82." Such criteria include, as relevant here, "the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment." General Statutes § 46b-82; see § 46b-62. "The nature of the criteria specified [in § 46b-82] . . . indicates that a definitive award of counsel fees should not ordinarily be made until after a trial where evidence relating to those considerations has been presented." *Arrigoni* v. *Arrigoni,* 184 Conn. 513, 519, 440 A.2d 206 (1981).

" 'The allowance of counsel fees is within the sound discretion of the trial court provided the court considers the parties' respective financial abilities and the criteria set forth in General Statutes § 46b-82.' " *Barnes* v. *Barnes,* 190 Conn. 491, 495, 460 A.2d 1302 (1983), quoting *Burton* v. *Burton,* 189 Conn. 129, 141–42, 454 A.2d 1282 (1983). An abuse of this discretion will be found only if this court determines that the trial court could not reasonably have concluded as it did. *Katreczko* v. *Katreczko,* 1 Conn. App. 686, 689, 475 A.2d 323 (1984).

The action before the trial court here involved a claim for support of an illegitimate child from her father, a medical doctor. A review of the transcript demonstrates that the criteria to be applied in ordering sup-

port of a child under General Statutes § 46b-56 and in awarding reasonable attorney's fees under § 46b-82 were at issue below. The trial court had before it evidence relating to those criteria, and additionally, in setting reasonable attorney's fees, testimony from the plaintiff, corroborated and detailed by her counsel, regarding their fee arrangement, the hours devoted by counsel to this matter, and his hourly rate. Under these circumstances, we cannot conclude that the court abused its discretion in making its award of reasonable counsel fees in the amount of $5200 based upon fifty-two hours of legal work at the reasonable hourly rate of $100. The amount of counsel fees ordered was reasonable especially in the light of the overwhelming imbalance between the parties' respective financial positions as to income and estate. The financial criteria upon which the unquestioned award of support was based equally established the plaintiff's entitlement to her award of counsel fees supported by the same statutory criteria.

There is no error.

In this opinion SPALLONE, J., concurred.

HULL, J., concurring. Rather than consider a serious constitutional issue not raised in this case, I would use a different route to achieve the same result as that reached by the majority. General Statutes § 46b-62 provides for the payment of reasonable fees to an attorney appointed for a minor child. The suit here, while brought by a child's mother, concerned only matters affecting the child. Counsel for the plaintiff mother was, in effect, counsel for the child despite the absence of any such appointment. The defendant's counsel stated specifically at oral argument that he did not contest the trial court's right to award counsel fees, but only the amount. On the basis of these actions, the defendant may be deemed to have waived any objection to the

procedure followed. See *Timm* v. *Timm,* 195 Conn. 202, 205, 487 A.2d 191 (1985); *Keppel* v. *BaRoss Builders, Inc.,* 7 Conn. App. 435, 443, 509 A.2d 51 (1986).