NIHAT OZKAN *v.* MYXHEUER OZKAN
(6684)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued January 12—decision released April 4, 1989

*Judith A. Busch* filed a brief for the appellant (plaintiff).

*Eddi Z. Zyko,* for the appellee (defendant).

NORCOTT, J. The plaintiff appeals from the trial court's decision that it lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), General Statutes §§ 46b-90 through 46b-119, in his action for modification of the custody of the parties' son.

The marriage of the plaintiff and the defendant was dissolved in Connecticut on July 1, 1985. The crucial issue in the case was the custody of the parties' son. The court granted joint custody to the parents with

physical custody to the defendant mother. The defendant then moved with the child to Detroit, Michigan, to reside with her parents. The plaintiff exercised his visitation rights when he was able, despite his work schedule and the considerable distance between his home in Waterbury and the child's home in Detroit.

During the late summer of 1987, by mutual agreement, the defendant left the child with the plaintiff for six weeks while she visited relatives in Yugoslavia. On October 12, 1987, after the defendant's return, the plaintiff, with whom the child continued to reside, filed a motion for a change of custody, claiming that it was in the child's best interest to continue receiving medical and psychological treatment in Connecticut. When the hearing on custody was scheduled for November 2, 1987, the defendant arranged to pick up the child on October 17, 1987, to return him to Detroit. In response to the mother's plans, the plaintiff sought an ex parte order of temporary custody citing, as reasons for the requested order, the imminent psychological and physical danger to the child if he were to return to Michigan. On October 16, 1987, the court, *Lavery, J.,* granted the ex parte order until the custody hearing on November 2, 1987.

On October 19 and 22, 1987, the court, *Mihalakos, J.,* conducted a hearing on whether the ex parte order should be continued. On November 3, 1987, the court, finding that there was no basis for the continuation of the ex parte order, dissolved the order and further held that Connecticut courts lacked jurisdiction, under the provisions of the UCCJA, to modify the original custody order.[1] The plaintiff did not request an articula-

---

[1] The entire text of the trial court's memorandum of decision is set forth as follows: "This matter comes before the court upon application by the plaintiff for an order of temporary legal custody.

"An ex parte judgment remedy was signed granting the desired relief and the matter now was argued before this court.

tion of the court's decision or move for a stay of execution. The defendant returned with the child to Michigan, where they continue to reside.

On December 14, 1987, the trial court denied the plaintiff's motion to open. The plaintiff appeals only the trial court's decision that it lacked jurisdiction; he does not appeal the ruling dissolving the ex parte order. The plaintiff argues that the trial court erred in concluding that "[n]one of the requirements listed in General Statutes § 46b-93 (UCCJA) applies in the instant case in order to vest the court with jurisdiction." We agree with the plaintiff.

General Statutes § 46b-93 establishes the general class of custody cases within the trial court's jurisdiction. *Grynkewich* v. *McGinley,* 3 Conn. App. 541, 544, 490 A.2d 534 (1985). In order to achieve interstate uniformity in custody matters, the UCCJA "limits custody jurisdiction to the state where the child has his home or where there are other strong contacts with the child and his family." Unif. Child Custody Jurisdiction Act. Commissioner's Prefatory Note, 9 U.L.A. 114 (1979).

In this case, it is clear from the record that the plaintiff sought jurisdiction under the provisions of General Statutes § 46b-93 (a) (2) (A) and (B), (3) (B), and (4) (A) and (B) and presented his case in terms of the best inter-

"The court finds absolutely no basis for continuation of the prejudgment remedy and accordingly dissolves those orders which were entered.

"Connecticut is an inappropriate forum. None of the requirements listed in General Statutes § 46b-93 (UCCJA) applies in the instant case in order to vest the court with jurisdiction. Even if, however, the court found that it had jurisdiction, it need not exercise that jurisdiction if it feels that the state's having concurrent jurisdiction is the more convenient forum. *Brown* v. *Brown,* 195 Conn. 98 [107–13, 486 A.2d 1116] (1985).

"The purpose of the UCCJA is to avoid jurisdictional hagglings between states. Clearly, in this matter the question of custody should be heard in Michigan rather than in Connecticut."

est of the child.[2] The plaintiff argues that, at the plenary hearing on the question of whether the court had jurisdiction to make a child custody determination under General Statutes § 46b-93, he proved that he and the child had a significant connection with Connecticut and that he produced substantial evidence concerning the child's present and future care, protection and personal relationships. Accordingly, the plaintiff argues that he demonstrated pursuant to the statute that it was in the child's best interest that Connecticut exercise jurisdiction.

The trial court denied jurisdiction on the basis that no provision of General Statutes § 46b-93 applied to vest it with jurisdiction. "It is amply clear that a find-

[2] General Statutes § 46b-93 provides: "(a) The superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from the state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (2) or (3) of the subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

"(b) Except under subdivisions (3) and (4) of subsection (a) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this to make a child custody determination.

"(c) Physical presence of the child is not a prerequisite for jurisdiction to determine his custody."

ing as to whether jurisdiction exists under any provision of General Statutes § 46b-93 rests upon a determination of fact by the trial court." *Grynkewich* v. *McGinley,* supra, 546. " 'The trial court's findings are binding upon the court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole.' " *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988), quoting *Edens* v. *Kole Construction Co.,* 188 Conn. 489, 494, 450 A.2d 1161 (1982); *Shultz* v. *Barker,* 15 Conn. App. 696, 700, 546 A.2d 324 (1988). We conclude that the trial court's factual finding, on which it based its ultimate conclusion of law, is not adequately supported by the record and is therefore clearly erroneous.

Our review of the record reveals that there was ample evidence presented to the court to support a conclusion that relevant provisions of General Statutes § 46b-93 applied to the case. Specifically, the plaintiff showed that he and the child had a significant connection to Connecticut. At the time of the October hearing, the child had been living with the father for several months and was enrolled on a continuing basis at the Country Garden Preschool in Waterbury. Additionally, the child had been under the professional care of a clinical psychologist for two months for treatment of emotional problems.

Further, the record is clear that there was substantial evidence available in this state concerning the child's present and future care and personal relationships. Leah Price, the child's clinical psychologist, Deborah Platt, the director of the preschool, and the plaintiff's immediate relatives all testified to the child's emotional improvement while in Connecticut and to the importance of continuing the development of positive personal relationships between the child and others in his present setting. The plaintiff also testified that the

child, who was diagnosed in Michigan as having neurofibromatosis, is being treated by a number of medical specialists in Connecticut and that he and his son have become involved with a neurofibromatosis foundation to assist with the child's ongoing physical problems related to the disease. On the basis of this evidence, we conclude that the trial court had jurisdiction to make a child custody determination because the plaintiff presented sufficient evidence to meet the requirements of 46b-93 (a) (2) (A) and (B).[3]

Having concluded that the court had jurisdiction, we must remand the case to the trial court for further proceedings. On remand, under the circumstances of this case, the court should determine whether it is in the best interest of the child for Connecticut to exercise its jurisdiction, or whether another state with concurrent jurisdiction, is a more appropriate forum for resolving the custody issue. See *Brown* v. *Brown,* 195 Conn. 98, 107–13, 486 A.2d 1116 (1985). In making this decision, the court shall consider the factors set out in General Statutes 46b-97 (c). If it finds that the factors weigh in favor of the Connecticut court's exercising its jurisdiction, then the court should decide the plaintiff's motion for modification of custody. If, however, the weighing of the § 46b-97 (c) factors indicates that Connecticut is an inconvenient forum, and that another state is a more appropriate forum, the court may decline to exercise its jurisdiction and follow the procedures set out in § 46b-97 (e) (g) and (h).[4]

---

[3] Because we hold that the court had jurisdiction based on these subsections, we find it unnecessary to determine whether the evidence presented by the parties was sufficient to meet the requirements of other subsections of General Statutes § 46b-93.

[4] Although the court stated that even if it had jurisdiction, the custody issue should be heard in Michigan, we cannot accept this conclusion. The criteria to be weighed in determining the best forum under § 46b-97 (c) include those used to determine jurisdiction under § 46b-93 (a) (2) (A) and (b). Because the court improperly applied these criteria to the latter determination, we cannot assume that they were properly applied to the former.

There is error, the judgment of the trial court is set aside with respect to its determination that it lacked jurisdiction of the application for change of custody and the case is remanded for a new hearing to determine whether it is in the best interest of the child for Connecticut to exercise its jurisdiction and rule on the plaintiff's motion for modification of custody or to decline the exercise of its jurisdiction in favor of a more appropriate forum. Physical custody of the minor child shall remain with the defendant until the trial court has had an opportunity to address these issues at the new hearing.[5]

In this opinion the other judges concurred.

---

[5] We reject the defendant's claim that the jurisdictional question is moot because the child returned to Michigan following the trial court's order regarding its jurisdiction. The question of jurisdiction to modify custody does not disappear simply because the child moves to another state; see *Hurtado* v. *Hurtado,* 14 Conn. App. 296, 303, 541 A.2d 873 (1988); and the physical presence of the child is not a jurisdictional prerequisite to a determination of his custody. General Statutes § 46b-93 (c). Michigan has enacted the UCCJA; Mich. Stat. Ann. Laws §§ 27A.651 through 27A.673; and will honor the order of the trial court on remand. The spirit and provisions of the UCCJA, which is designed to avoid jurisdictional competition and conflict, clearly apply to the very situation that the defendant now claims is moot.