[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#103)
The plaintiff sues under Sec. 46b-61 of the General Statutes seeking orders of custody, support, and visitation, all with reference to Kayleigh Jean Goudy, a minor child born of his relationship with the defendant to whom he is unmarried. The plaintiff alleges in his complaint that he is the child's father and by motion filed in conjunction with his complaint requests an adjudication of paternity.
The defendant-mother, in moving to strike the complaint, argues that the statute (Sec. 46b-61) is inapposite, and that before resort may be had to it the court must act on the plaintiff's formal acknowledgement of paternity pursuant to the provisions of Sec. 46b-172 of the Statutes. This court disagrees and adopts the realizing of Judge John Shea who, in tracing the legislative history of Sec. 46b-61 ruled:
 "It seems obvious then from the remarks of the chairman of the house judiciary committee at the time that [Sec. 46b-61] was introduced that it was the intent of the legislature to expand the jurisdiction of the Superior Court regarding custody issues from controversies arising out of a dissolution of marriage to controversies in which a child had been born without benefit of marriage. . . . It is clear that it was the intent of the legislature to permit an illegitimate father to institute a cause of action regarding custody under the authority CT Page 3861 of Sec. 46b-61. . . ."
Stevens v. Leone, 35 Conn. Sup. 237, 239-40 (1979).
Since Judge Shea's decision the language of the statute has been amended in only minor respects. It remains available for its intended purpose to parents of a minor child living separately from each other, and it imposes no mandate for a formal adjudication of paternity in the manner described in Sec. 46b-172 of the Statutes.
The motion to strike is denied.
GAFFNEY, J.