[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS # 103
The plaintiff, Catharina Gooden, commenced this action on April 12, 1993, for sole custody of and reasonable child support for the minor child, Leah Gooden. The marriage of the plaintiff, Catharina Gooden, and the defendant, Michael Gooden was dissolved by decree on February 22, 1988 in the circuit court of Upshur County, West Virginia. There was one child born of this marriage, Leah Gooden. The divorce decree does not contain any findings or determination as to custody, child support or visitation of the minor child.
Leah, the subject of this dispute, is nine years old and has resided in Connecticut with the plaintiff since 1985. During the summer months, Leah has traveled to West Virginia where she spends approximately one week with her father and the remainder of that time with her grandparents.
The defendant filed a motion to dismiss the plaintiff's complaint on June 3, 1993 and attached thereto a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to dismiss on June 15, 1993. The plaintiff subsequently filed an affidavit in support of its memorandum in opposition to the motion to dismiss on July 13, 1993 CT Page 8368
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to challenge the court's jurisdiction. Practice Book 143. "`It is amply clear that a finding as to whether jurisdiction exists under any provision of General Statutes 46b-93 rests upon a determination of fact by the trial court.'" Ozkan v. Ozkan, 18 Conn. App. 73, 77-78,556 A.2d 628 (1989), quoting Grynkewich v. McGinley, 3 Conn. App. 541, 546,490 A.2d 534 (1985). "A court's decision on whether it has jurisdiction to make a child custody determination under General Statutes 46b-93 should only be made `after a plenary hearing with a full explication of the facts essential to the decision.'" Grynkewich v. McGinley, supra, 546, quoting 1 McCahey, Kaufman, Kraut Zett, Child Custody and Visitation Law and Practice 4.01[4].
The defendant, in his motion to dismiss contends that the he was not properly served, that he was never a resident of the state of Connecticut and that General Statutes 46b-70, 71 do not contain a long arm provision so this court cannot exercise jurisdiction over him.
This court will first address the issue of insufficiency of service of process because before this court can enter a custody decree under the UCCJA, ". . . reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been terminated and any person who has custody of the child. If any of these persons is outside the state, notice and opportunity to be heard shall be given pursuant to Section 46b-95." General Statutes 46b-94. General Statutes 46b-95 provides:
 (a) Notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be: . . . (3) any form of mail addressed to the person to be served and requesting a receipt; or (4) as directed by the court including publication, if other means of notification are ineffective. . . .
 (c) Proof of service outside this state may be made by affidavit of the individual who made the service, or in the manner prescribed by CT Page 8369 the law of this state, the order pursuant to which the service is made, or the law of the place in which service is made. If service is made by mail, proof may be a receipt signed by the addressee or other evidence of delivery to the addressee.
General Statutes 46b-95. General Statutes 46b-95(a) "enumerates four methods by which notice `may be' made. These methods are not exclusive. Any method of serving notice may be employed as long as it is `given in a manner reasonably calculated to give actual notice' and meets due process requirements as they exist at the time of the proceeding." Hurtado v. Hurtado, 14 Conn. App. 296,306-07, 541 A.2d 873 (1988).
In the case at bar, the plaintiff filed a motion with this court for an order of notice. The plaintiff's order of notice stated that "notice most likely to come to the attention of said defendant is by depositing a true and attested copy of the writ and complaint in said action and an order of notice of the institution of said action, . . . in a post office, postage paid, letter registered, personal return receipt requested, directed to said defendant at . . . [P.O. Box 126 Weston, West Virginia, 26452]." The sheriff's return states that a true and attested copy of the writ, summons, complaint and order of notice were mailed from the Harwinton Post Office, postage paid, restricted delivery, return receipt requested. Attached to the sheriff's return is a copy of the return receipt signed by a Roberta Gooden.
It is clear that the method of service that was used by the plaintiff was given in a manner reasonably calculated to give actual notice and meets due process requirements of General Statutes 46b-95. Therefore, the defendant was properly served as as required by General Statutes 46b-95(a)(3), (4) and the order of notice.
Accordingly, the defendant's motion to dismiss for improper service is denied.
The court will now address the defendant's contentions that he was never a resident of the state of Connecticut and that General Statutes 46b-70, 71 do not contain a long arm provision, and therefore, this court cannot exercise jurisdiction over him.
The defendant in his motion to dismiss has mistakenly relied CT Page 8370 on General Statutes 46b-70 and 46b-71. Those statutes concern the enforcement of foreign matrimonial decrees, not custody determinations under the UCCJA.
General Statutes 46b-56 provides, in pertinent part, that: "In any controversy before the Superior Court as to the custody or care of minor children . . . the court may at any time make . . . any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under Chapter 815o. Chapter 815o is Connecticut's version of the Uniform Child Custody Jurisdiction Act ("UCCJA"). Thus, in order for this court to render a support order pursuant to General Statutes 46b-56, this court must have jurisdiction in accordance with General Statutes 46b-93.
The UCCJA is designed "to avoid jurisdictional conflicts by allowing one court to determine the custody of a child. It is thus designed to discourage parental forum shopping and to instill continuity and stability into the child's environment." Hult, "Temporary Custody Under the Uniform Child Custody Jurisdiction Act: Influence Without Modification," 48 U. Colo. L. Review 603, 606 (Summer 1977) (hereinafter "Temporary Custody"). See also General Statutes 46b-91(a); see also Goldstein v. Fischer,200 Conn. 197, 199 n. 1, 510 A.2d 184 (1986). All fifty states and the District of Columbia have adopted the UCCJA. 9 U.L.A. 115-16.
Pursuant to the UCCJA, the initial court retains jurisdiction for all future modifications and adjustments so long as the parties have the requisite ties to the state of that court. Temporary Custody, 606. See also UCCJA 14 and Commissioners' Note to 14; General Statutes 46b-104. "The court is selected on the basis of its access to pertinent information about the child and [his or her] family." Temporary Custody, 606 (emphasis added); General Statutes 46b-93; UCCJA 3 and Commissioners' Note to 3.
A "custody determination" is "a court decision and court orders and instructions providing for the custody of a child, including visitation rights . . . ." General Statutes 46b-92(2) (emphasis added). Thus, in order for this court to render "custody determination" pursuant to General Statutes 46b-92(2), it must have jurisdiction in accordance with General Statutes 46b-93.
Jurisdiction under the UCCJA is premised upon General Statutes 46b-93, which provides, in pertinent part, that: CT Page 8371
 (a) The superior court shall have jurisdiction to make a child custody determination by initial or modification decree if . . . [Connecticut is] (A) the home state of the child at the time of commencement of the proceedings . . .; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships;
General Statutes 46b-93. "Home state" is defined as:
 the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months, and in the case of a child less than six months old, the state in which the child lived from birth with any of such persons. Periods of temporary absence of any of the named persons are counted as part of the six month or other period;
General Statutes 46b-92(5). Thus, a Connecticut court "has jurisdiction to make or modify a decree if Connecticut is the home state of the child at the time of the commencement of the proceeding. Perez v. Perez, 212 Conn. 63, 69-70, 561 A.2d 907
(1989) .
In the case at bar, the evidence reveals that the minor child has resided in Connecticut continuously from May 1985 through April
This court's conclusion is supported by the purpose of the UCCJA, which is to limit jurisdiction, rather than proliferate it. In discussing General Statutes 46b-93(a)(2), our Supreme Court in Kioukis v. Kioukis, 185 Conn. 249, 258, 440 A.2d 894 (1981), stated ". . . jurisdiction exists only if it is in the child's best interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest CT Page 8372 of the child is served when the forum has optimum access to relevant evidence about the child and his other family. There must be maximum rather than minimum contact with the state." Id., 258.
In the case presently before the court, the child, as discussed above, has maximum contact with this state and has minimal contact with the state of West Virginia. Moreover, this court has a well organized, experienced domestic relations division which is able to investigate a custody dispute to assist the court in determination of the child's best interests. Therefore, this court, under the UCCJA has jurisdiction to render a custody and child support determination.
Having determined that this court has jurisdiction to entertain this custody proceeding, General Statutes 46b-97(c) must be consulted. General Statutes 46b-97(c) provides:
 (c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, including but not limited to: (1) Another state is or recently was the child's home state; (2) another state has a closer connection with the child and his family or with the child and one or more of the contestants; (3) substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state; (4) the parties have agreed on another forum which is no less appropriate; and (5) the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 46b-91.
General Statutes 46b-97. This court has considered and weighed the factors as set forth in General Statutes 46b-97 and has determined that Connecticut is not an inconvenient forum.
Accordingly, the defendant's motion to dismiss is denied.
DRANGINIS, J. CT Page 8373