[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AWARD OF ATTORNEY'S FEES
In considering the award of counsel fees, this court has considered many factors, including the following:
The time and labor involved;
The complexity of this matter;
The skill necessary to perform the legal service;
The hourly rate customarily charged in this locality
The results obtained;
 The experience, reputation and ability of the attorney performing the service.
Contemporaneous time records were submitted and counsel testified and was cross examined by the defendant regarding her fees. Counsel fees are awarded so that a party may not be deprived of rights because of lack of funds. The issue of custody was bitterly and vigorously pursued.
In this case, Mr. Fazio testified he has spent in excess of $100,000 in fees. At the time of the 14 day hearing on custody, Mr. Fazio flew in several witnesses from Colorado, paid for their flights, accommodations, meals and car rentals. The plaintiff was placed in the position of having to defend her rights to the custody of the minor child. If the plaintiff were not awarded counsel fees, she would be denied and deprived of her ability to CT Page 12370 exercise her rights. The plaintiff has no funds, no assets. In order to ensure that justice is done and to level the playing field, an award of attorney's fees is appropriate. Plaintiff is entitled to have competent counsel who would have the high degree of skill and expertise to be on the same playing field as the defendant.
The defendant is an architect. He has skills, employability and superior ability to earn. The defendant has considerable assets, including his real estate in Colorado which was listed for sale at $1,450,000.
The plaintiff testified as to her fee arrangement with counsel and her lack of assets. Her only income is from her employment which nets her approximately $368 per week. During the course of the custody trial, certain aspects of the defendant's finances were touched upon. Although he shows little income, the defendant has enjoyed a fine lifestyle and standard of living. The defendant also has the ability to maintain an apartment in Connecticut which he used once a month or whenever he comes to Connecticut from Colorado to visit his son.
As pointed out in Moll v. Gianetti, 8 Conn. App. 50 at page 54, also a paternity action, "it would be a legislative hoax to permit an action for support of illegitimate children under § 46b-61
and at the same time to bar effectively such actions for their support in cases of greatest need exhibited by custodial parents who, because of indigency, cannot even enter the courtroom for want of counsel fees."
The assets and vocational skills of the defendant far outweigh those of the plaintiff. During the course of the custody trial, the defendant expounded at length upon his educational background and various abilities.
The court has read the Memorandum of Decision dated August 13, 1992 in the case of CNB v. Ridgely Brown, et al., (Docket No. CV90 0107084, Superior Court at Stamford), as submitted by the defendant. That case had to do with the foreclosure of a mortgage. The court in that case pointed out that the personal animosity between counsel and the defendant greatly influenced the course of the litigation. The trial court indicated that the animosity frequently electrified the trial. The trial court also found that vindication or personal interests added superfluous time to the litigation which cannot be justified. CT Page 12371
The situation in CNB v. Brown, et al. is not the situation in this matter. Here, defendant vigorously presented his claims for custody over a 14 day trial. The plaintiff equally vigorously defended against the claims of the defendant. There was no grudge match between counsel and all counsel acted professionally and responsibly. Although the parties were at war with one another, all counsel made serious and reasonable attempts to maintain a certain amount of civility between the litigants.
The court finds that there was no duplication of services, time and/or labor in this case, as found by the trial court in theCNB v. Brown et al. case.
In reviewing the time sheets submitted by counsel for the plaintiff, the amount of time expended in the preparation of motions, conferences and telephone calls, appears to be reasonable based on the nature of the case. The court noted no duplication nor excessive time spent on motions and pleadings.
The time spent on the preparation and revision of the appellate brief appears reasonable based on the nature and issues involved.
In CNB v. Brown, et al., the plaintiffs attorneys claimed over $50,000 in counsel fees to secure a mortgage debt of $94,000. This court finds it difficult to equate a foreclosure matter with a paternity petition and a custody/support trial of 14-plus trial days, in addition to the pendente lite hearings which consumed at least three trial days and in which appeals are pending.
The services and work performed by counsel were warranted and not excessive in order to adequately represent the interest of Ms. Monk.
The examination and cross examination alone of the defendant's expert, Dr. O'Banyion, required skill and ability of the highest caliber on the part of plaintiff's counsel.
When it comes to the award of attorney's fees, it must also be remembered that the plaintiff was involved in two separate lawsuits which have been consolidated. The first is the paternity suit initiated by Ms. Monk against Mr. Fazio seeking child support, attorney's fees and other equitable relief. The second lawsuit was brought by the defendant, Charles Fazio, against Ms. Monk seeking CT Page 12372 custody of the minor child with removal to Colorado, and other equitable relief. Counsel for Ms. Monk was faced with litigating two actions: paternity and custody.
The nature, complexity and scope of the litigation involved in these matters have been considered by this court in determining the amount of the award in awarding counsel fees. The vigorous defense presented by the defendant required just as vigorous a defense by the plaintiff.
The defendant admitted paternity of the minor child born September 11, 1991. Thereafter, there was nothing that the plaintiff and the defendant could agree upon and the litigation commenced.
Counsel for the defendant made much over the testamentary trust set-up in the will of Mary J. Monk, the deceased mother of the plaintiff. It is unknown what amount, if any, Nancy Monk will be entitled to receive from this trust. The trust provides for the net income to be disbursed quarter-annually to Arthur Monk, the plaintiff's father. The trustees are also empowered, in their sole discretion, to invade the principal for the benefit of Arthur Monk. Only upon the death of Arthur Monk would the plaintiff and her two brothers be entitled to share in this trust. Mr. Arthur Monk is a co-trustee, and with his ability to invade the principal, it is only speculative as to what the plaintiff would receive upon his decease.
The present ligation was extraordinarily lengthy and vigorously contested. The plaintiff produced a qualified expert witness who testified as to the reasonableness of the hourly rate charged and billed by counsel. The expert indicated that a reasonable hourly rate in the New Haven area is in a range of $250 to $300 per hour. The expert himself charges $300 per hour in matrimonial cases. In considering the nature, complexity and scope of the litigation in this matter, the hourly rate of $275 per hour is reasonable, especially considering the expertise of counsel.
Section 46b-62 C.G.S. provides for payment of attorney's fees in any proceeding seeking relief under the provisions of . . . § 46b-1. Section 46b-1, subsection (13) is the establishing paternity. Clearly, then, the plaintiff is entitled to an award of counsel fees. The proceeding also concerned the custody case, education, visitation and support of a minor child. The court considered the present financial circumstances of the plaintiff and CT Page 12373 her present income from employment.
The court concludes that the financial resources of the plaintiff are necessary to meet her current and future needs and are not available to pay counsel fees. The defendant, on the other hand, has substantial assets as listed on his Financial Affidavit and, in fact, has paid his attorney between $50,000 and $55,000 in fees to date, plus substantial costs for depositions and witness' fees. Defendant has been billed for counsel fees over and above the amount he has paid to date.
Further, there is no claim in this case as in CNB v. Brown, etal. that plaintiff's counsel expended an excessive amount of time in preparation of pleadings and research. In CNB v. Brown, et al.
the court determined that it was excessive to spend nine hours drafting a motion for Default for Failure to Appear.
The court awards the plaintiff's counsel fees in the amount of $65,000, plus costs of $1,000 to be paid within 90 days of date. Counsel's additional fees incurred for the hearings held or November 30, December 1 and 2, 1994 shall be borne by the plaintiff.
COUNCIL FEES FOR THE ATTORNEY FOR THE MINOR CHILD
Counsel for the minor child has also presented her bill for services in the amount of $8290. Counsel did not produced an expert witness to testify as to the reasonableness of her fee. The attorney for the minor child attended all status conferences and was present during the entire custody trial, as well as the pendente lite hearings. Although counsel did not present any independent witnesses at trial, counsel did question the witnesses presented by the plaintiff and the defendant.
Counsel was appointed by the court to represent the interests of the minor child. The court concludes that her hourly rate of $100 per hour is reasonable.
The attorney for the minor child is awarded counsel fees in the amount of $8290 to be paid two-thirds by the defendant, Charles Fazio, and one-third by the plaintiff. Said fees are to be paid over an 18 month period.
Although the court has commented on the very limited financial resources of the plaintiff, the attorney for the minor child CT Page 12374 performed services for the benefit of both parties' minor child. It is appropriate that the plaintiff share some of the burden of counsel fees.
Coppeto, J.