[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, Kimberly Hulevitch, formerly known as Kimberly Meador, filed a motion to reopen the judgment and modify custody transferring custody of her three minor children, Samantha Joe Meador born July 7, 1986, Alexandria Marie Meador born July 16, 1987, and Jaime Anne Meador born July 20, 1999, from the defendant, Lloyd Meador, to the plaintiff. The defendant was duly served and filed an appearance through counsel. The defendant filed a motion for reappointment of attorney for the minor child dated July 14, 1999, with said motion granted on July 28, 1999, when the court appointed attorney Nancy Thompson of the Children's Law Center as attorney for the minor children.
On July 14, 1999 the defendant filed a Motion to Dismiss pursuant to § 10-31 of the Connecticut Practice Book alleging that the State of Connecticut lacks the requisite subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act also known as "UCCJA". The defendant filed a Memorandum of Law dated with his motion and, plaintiff filed a Memorandum of Law dated August 31, 1999. The parties appeared before the court on September 1998, when the court heard evidence and oral argument.
By way of background, the plaintiff commenced a dissolution of marriage action against the defendant dated April 20, 1990. Said matter went to judgment on April 15, 1991. The court awarded custody of the three minor children who were found to be lawful issue of the parties, namely, Samantha Joe Meador, Alexandria Marie Meador, and Jaime Anne Meador to the defendant Lloyd Meador granting liberal and reasonable visitation rights with the minor children. The judgment contemplated residence of the minor children with the defendant father in the state of Iowa and retained jurisdiction for the purpose of visitation in the event the plaintiff moved her residence to the State of Iowa. No motion for modification of custody and/or visitation have been filed with this court since the date of the judgment.
At the hearing on September 8, 1999, the court heard testimony from the plaintiff/mother, Kimberly Hulevitch. The plaintiff stated that she has had one month visitation with the CT Page 12942 minor children during the summer and approximately two weeks the rest of the year since the date of the dissolution of the marriage. The plaintiff confirmed that since the date of the dissolution of the marriage the children have resided with their father in the State of Iowa. Since April 1991, all medical, dental and other health related treatment for the minor children has occurred in the State of Iowa. Further, the children have resided with their father in the State of Iowa since the dissolution of the marriage and have attended school in the State of Iowa.
The plaintiff admitted on cross-examination that the individuals who would be called to testify concerning the present medical, psychological, and educational issues are all located in the State of Iowa. The plaintiff, however, contended that the hearing concerning the change of custody of the children could occur in the State of Connecticut with the use of depositions, home study reports, interrogatories, and production. The plaintiff further stated that prior health care providers, family relation officers and witnesses who were involved with the children prior to April 1999 are located in Connecticut.
The defendant contends that under the provisions of the UCCJA the court should grant the Motion to Dismiss on the grounds that it does not have jurisdiction to hear the Motion to Reopen Judgment for the purposes of modifying custody. In short, the defendant contends that Connecticut General Statutes § 46b-93[1]
sets out the statutory framework for the court's subject matter jurisdiction to hear the petition for custody. The defendant contends that the court does not have jurisdiction to hear the Motion for Modification because although the plaintiff resides in this state and therefore has a significant connection with the state, there is not available in the State of Connecticut substantial evidence concerning the children's present or future care, protection, training, and personal relationships. See § 46b-93 (a)(2)(B).
The plaintiff claims that under the federal law, i.e. Parental Kidnaping Prevention Act, also known as PKPA, 28 U.S. Code § 173 8A, the courts of Connecticut retain jurisdiction to hear the Motion to Modify Custody. The plaintiff claims that because the State of Connecticut had original jurisdiction to grant the dissolution of the marriage and order custody to the defendant the State of Connecticut retains jurisdiction to hear the Motion to Modify Custody under 28 U.S. Code § 1738A CT Page 12943 (d).[2] The plaintiff further argues that since the State of Connecticut remains the residence of the plaintiff who was an original contestant to the court's determination of custody, the Connecticut court must hear the Motion to Modify Custody because it has jurisdiction under its laws. See 28 U.S. Code § 1738A (c).[3]
After reviewing the evidence applicable statutory language and case law cited by the parties in their briefs, the Court concludes that court does not have jurisdiction to hear the plaintiffs Motion to Modify Custody. The court concludes that it no longer has the requisite subject matter jurisdiction to adjudicate these issues involving custody of the parties minor children. That UCCJA codified at Connecticut General Statutes 46b-93, et seq., requires the court to test the evidence against the statutory framework of § 46b-93. After hearing the evidence and reviewing the file, the court concludes that this state, i.e., the State of Connecticut, does not have available substantial evidence in this state concerning the children'spresent or future care, protection, training and personal relationships. (Emphasis supplied)
The children have resided continuously in the State of Iowa with their father since the date of the dissolution of the marriage. Since April 1991, all the children's medical treatment, psychological care and attention, dental treatment, education, and general upbringing has occurred in the State of Iowa. While it is true that the mother has exercised visitation in Connecticut for one month in the summer and two weeks during the year her contact with the children has been limited. It is clear by the record that the children were seen by various professionals while residing in the State of Connecticut. However, according to the testimony presented, all of the professional care that the children have received for medical, psychological and psychiatric, dental, educational, and other health issues have occurred in the State of Iowa since the date of the dissolution. The court therefore concludes that based upon the evidence presented and the contents of the file that the State of Iowa is clearly the state wherein substantial evidence exists concerning the children's present and/or care, protection, training, and personal relationships.
It is well established that the UCCJA confers subject matter jurisdiction in cases involving interstate custody disputes.Muller v. Muller, 43 Conn. App. 327, 335-336 (1996). Further, a CT Page 12944 trial court's continuing jurisdiction over matters concerning the custody of a child is dependent upon those provisions encompassed within the UCCJA, after a plenary hearing with a full explication of the facts essential to the decision. Grynkewich v. McGinley,3 Conn. App. 541 (1985). It is clear by the evidence that Connecticut is not the home state of the parties minor children. The only provisions of the UCCJA which would grant the court jurisdiction is 46b-93 (a)(2). For reasons stated above, the court does not have jurisdiction under this section. Substantial evidence concerning the children's present and future care, protection, training and personal relationships exist in the State of Iowa, not the State of Connecticut. It is clear that the State of Iowa has present access to the relevant evidence about the child and father. The State of Iowa is the forum with the maximum contact concerning the minor children as to both present and future considerations. Kioukis v. Kioukis, 185 Conn. 249
(1981).
The plaintiffs reliance on the PKPA fails to place any legal inport to the provision of sub-Section 1738(c)(1) as it applies to the retention of jurisdiction by the Connecticut court. The Connecticut court must hear plaintiffs Motion to Modify if, "such court has jurisdiction under the law of such state . . ." The court must first determine whether it has jurisdiction under the UCCJA to complete the required analysis. (See C.G.S. 46b-56). As stated above, this court does not have jurisdiction to hear the plaintiffs Motion to Modify.
The plaintiff further states in her Memorandum of Law that the Uniform Child Custody Jurisdiction Enforcement Act known as "UCCJEA" was adopted by the Connecticut Legislature in 1999. The plaintiff argues that the purpose of Section 202[4] of the UCCJEA was to address the ongoing problem of conflicting decisions regarding modifications/jurisdiction. As indicated by the plaintiff, the public act is not in effect at present. Said public act does not take effect until July 1, 2000. The act, therefore, does not apply to the present Motion to Dismiss before the court and shall not be considered.
The Court hereby dismisses the plaintiffs Motion to Reopen Judgment and Modify Custody based upon the statutory law and common law interpreting the same presently in effect as of the date of the rendering of this decision.
Devine, J. CT Page 12945