[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6454-F
The respondent moves to dismiss this petition for a new trial for a lack of subject matter jurisdiction under G.S. § 52-270.
Judicial review of the file in Kupiec v. Kupiec, Windham J.D., docket number FA94-0047902 and an examination of the pleadings in the case and documents attached thereto reveals that on February 7, 1994, the respondent filed an action seeking a dissolution of her marriage to the petitioner. The petitioner was personally served with a copy of the dissolution complaint on January 31, 1994. On February 13, 1994, the petitioner filed an answer and pendente lite motions, but no appearance. The petitioner contends that he did file an appearance, but, because of a clerical error, that appearance never reached the dissolution file.
The dissolution action went to trial as an uncontested matter on December 14, 1994. The petitioner contends the missing appearance prevented him from receiving notice of the trial date, which trial he failed to attend. Counsel for the respondent sent notice on December 21, 1994 of the judgment rendered by the court, Klaczak, J., on December 14, 1994. The petitioner never moved to open the dissolution judgment. Instead, on October 13, 1996, he filed this petition, pro se, for a new trial under § CT Page 6454-G52-270 on the grounds of newly discovered evidence.
The petitioner's claim of "newly discovered evidence" is incorrect. He has no new evidence as to the merits of the dissolution action, rather he offers the consequences of the purported clerical error with respect to the filing of his appearance as the foundation for the granting of a new trial. Acknowledging that this pro se petition is inartfully drafted, the court will look past the mislabelling and regard the petition as one based on a lack of notice of the trial date.
Section 52-270 sets forth the causes for which a trial court may grant a new trial. One such ground is the lack of a "reasonable opportunity to appear and defend." It may be that the petitioner will be unable to sustain his burden of proving the absence of a reasonable opportunity to appear and defend or even survive a summary judgment motion on this issue, but that would not disempower the court to hear and decide the issue. Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceeding belongs, Muller v.Muller, 43 Conn. App. 327, 331 (1996). Section 52-270 confers upon the court the authority to grant a new trial where a petitioner has been unreasonably deprived of the opportunity to appear and defend. This authority extends to dissolution cases,Trichilo v. Trichilo, 190 Conn. 774, 782 (1983).
For these reasons, the motion to dismiss is denied. CT Page 6454-H
Sefrrazza, J.