[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On March 10, 1997, the Plaintiff, John Seldon, commenced the present action seeking custody of John Dunn, the parties' eight year old minor child.[1] The Plaintiff and Defendant were never married and have been living separate and apart since 1995. The Plaintiff brings this action pursuant to General Statutes § 46b-61[2] and General Statutes § 46b-90 et seq., the Uniform Child Custody Jurisdiction Act ("UCCJA"). According to the complaint, "[t]he minor child has resided in the State of Connecticut for the last six months (46b-93) upon belief and knowledge." By way of relief, the Plaintiff seeks custody of the minor child, child support and such other relief as the court deems equitable.
Appended to the writ, summons and complaint is an affidavit in substantial compliance with General Statutes § 46b-99 wherein Plaintiff states that the location of the minor child is unknown to him and has been unknown to him since 1995. The affidavit also lists the addresses where the minor child resided from the date of his birth in 1989 until at least 1995, all of which are in Connecticut. Additionally, the Plaintiff states that he knows of no other action pending in this State or any other state concerning the custody of the minor child nor does he know of any person not a party to the present action who has physical custody of the minor child or claims to have custody or visitation rights regarding the minor child. CT Page 5112
According to the sheriff's return, service of process commencing this action was left at the "last known usual place of abode of . . . Pia Dunn, at said 51 Meryl Court, Groton, Connecticut." On November 17, 1997, the Defendant, Pia Dunn, appeared through counsel and filed the present motion to dismiss, together with a supporting memorandum of law, seeking a dismissal of this matter on the grounds that (i) she was not personally served or served by certified mail and (ii) this Court lacks subject matter jurisdiction under the UCCJA. The Plaintiff filed an objection to the motion to dismiss together with a memorandum of law in support of his objection.
Discussion
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law and, where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 1213. A motion to dismiss admits all facts well-pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. Barde v.Board of Trustees, 207 Conn. 59, 63, 539 A.2d 1000 (1988). A motion to dismiss raises the question of whether a jurisdictional flaw is apparent on the record or by way of supporting affidavits. Bradley's Appeal from Probate,19 Conn. App. 456, 563 A.2d 1358 (1989).
I. In personam jurisdiction and sufficiency of service ofprocess.
Aside from asserting that she was not personally served or served by certified mail (which facts are apparent from the sheriff's return of service), the Defendant failed to present the Court with any authority on the issues of in personam jurisdiction and the sufficiency of service of process. Notwithstanding Defendant's failure to brief the issue, the Court will nevertheless address the relevant statutory provisions regarding notice in an action commenced pursuant to the UCCJA.
Before this Court can enter a custody decree under the UCCJA, ". . . reasonable notice and opportunity to be heard CT Page 5113 shall be given to the contestants, any parent whose parental rights have not previously been terminated and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to section 46b-95." General Statutes § 46b-94. General Statutes § 46b-95 (a) provides that "[N]otice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be: (1) By personal delivery outside this state in the manner prescribed for service of process within this state; (2) in the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction; (3) any form of mail addressed to the person to be served and requesting a receipt; or (4) as directed by the court including publication, if other means of notification are ineffective. General Statutes 46b-95 (a) "enumerates four methods by which notice `may be' made. These methods are not exclusive. Any method of serving notice may be employed as long as it is `given in a manner reasonably calculated to give actual notice' and meets due process requirements as they exist at the time of the proceeding." Hurtado v. Hurtado, 14 Conn. App. 296, 306-307,541 A.2d 873 (1988).
Service of process commencing the action was made at the Meryl Court address in Groton because, according to Plaintiff, he does not know where the Defendant has been residing since 1995 and this is her last known address.
The Defendant supports her motion to dismiss with the affidavit of Mary F. Anderson, the Defendant's mother and grandmother of the minor child.[3] Although certain paragraphs of the affidavit are not based on personal knowledge, and, therefore, constitute inadmissible hearsay, the affidavit is significant in at least two respects. First, it contains assertions regarding the Defendant's alleged departure from this State which would tend to corroborate Plaintiff's claim that he does not know where Defendant currently resides. More importantly, the affidavit states that (i) the Meryl Court address is Ms. Anderson's address, (ii) she receives Plaintiff's support checks at that address and (iii) she forwards the support money to the Defendant at a post office box in Florida. This demonstrates a likelihood that Defendant would receive actual notice of this proceeding if service of CT Page 5114 process were made, as it was here, at the Meryl Court address. Further, the Court has also reviewed the support enforcement file entitled Dunn v. Seldon, Superior Court, Judicial District of New London at Norwich (Docket No. 095594) and takes judicial notice of that file,[4] including the order of Family Support Magistrate Sosnoff dated August 6, 1997. That order contains a finding that Ms. Dunn's last known address as of August 6, 1997 was 51 Meryl Court, the address where service was made in this case. The Magistrate found this to be the address which Defendant gave to Support Enforcement for notification and payment purposes.[5] Finally, the Defendant has retained counsel to represent her in this matter and has not alleged that the manner of service was insufficient to give her actual notice of these proceedings.
For all of the reasons set forth above, the Court finds that (i) in personam jurisdiction exists over the Defendant, and (ii) the method of service utilized in this case was sufficient under General Statutes § 46b-94 (if the Defendant resides in Connecticut) and § 46b-95 (if the Defendant resides outside of Connecticut).
II. Subject matter jurisdiction
"[T]he UCCJA creates a two tier approach to the issue of jurisdiction. . . . The first is contained in § 46b-93, which establishes the general class of custody cases that will be within the trial court's jurisdiction. The second tier is embodied in General Statutes § 46b-97, which is intended to vest only one state with jurisdiction at any given time . . . These two questions, whether jurisdiction exists under § 46b-93 and whether it should be declined pursuant to § 46b-97, how ever, are separate and distinct under the UCCJA, which envisages that where concurrent jurisdiction exists, only one state should exercise that jurisdiction. . . . Thus, a court's first inquiry must always be whether it has jurisdiction under § 46b-93. If it can assume jurisdiction under § 46b-93, a potential concurrent jurisdictional situation arises. If the court determines that it does not have jurisdiction under § 46b-93, it need not and may not determine whether Connecticut is an inconvenient forum under § 46b-97." (Citations and internal quotation marks omitted.) Muller v. Muller,43 Conn. App. 327, 335-336, 682 A.2d 1089 (1996).
"Jurisdiction of the subject-matter is the power [of the CT Page 5115 court] to hear and determine cases of the general class to which the proceedings belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . General Statutes § 46b-56 (a) provides that [i]n any controversy before the superior court as to the custody or care of minor children . . . the court may at any time make or modify any proper order regarding . . . care, custody and visitation if it has jurisdiction under the provisions of [the UCCJA]. . . ." (Brackets in original; citations and internal quotation marks omitted.) Muller v. Muller, supra, at 331. "Subject matter jurisdiction . . . cannot be created through consent or waiver. . . . Only the enabling legislation, in this case the UCCJA, can confer subject matter jurisdiction." Id.
General Statutes § 46b-93 provides in relevant part:
 (a) A court of this state shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state[6] of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (b) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4)(A) it CT Page 5116 appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction. . . .
 (c) Physical presence of the child is not a prerequisite for jurisdiction to determine his custody.
In the absence of a competent affidavit or other admissible evidence offered by the Defendant, the above statutory framework provides various bases upon which this Court can exercise jurisdiction over the subject matter of this action.
First, although Plaintiff acknowledges that he does not know the child's whereabouts since 1995, the complaint alleges, upon information and belief, that the child has resided in the State of Connecticut for the six months prior to the commencement of this action. If not countered, this would constitute this State as the child's home state for jurisdictional purposes. The Defendant herself has neither testified nor submitted a sworn affidavit in opposition to Plaintiff's allegation regarding the child's residence. Although the affidavit of Ms. Anderson accompanies Defendant's supporting memorandum of law, that affidavit states, in relevant part, that (i) the Defendant and minor child fled this State in 1995,[7] and (ii) Ms. Anderson sends support monies paid by the Plaintiff to a post office box in Jacksonville, Florida. Nowhere does Ms. Anderson allege any personal knowledge of the recent or current residence of the Defendant and minor child and this Court will not infer from a post office box, without more, that the Defendant is residing in the State of Florida. In the absence of competent evidence regarding the current residence of the Defendant and minor child, the motion to dismiss admits all well pleaded facts and, therefore, the Court accepts Plaintiff's allegation that the minor child resides in this State. Accordingly, this Court concludes that it has jurisdiction over this matter pursuant to General Statutes § 46b-93 (a)(1)(A).
Additional bases for jurisdiction exist under General CT Page 5117 Statutes § 46b-93 (a)(2) and (4). Even if this Court, for purposes of the pending motion, did not find Connecticut to be the child's "home state" as explained above, the Defendant has not presented anything which would enable the Court to determine what other state, if any, would constitute the child's home state.[8] In the absence of evidence regarding the child's home state, analysis is appropriate under General Statutes § 46b-93 (a)(2) and (4). Under Subsection (a)(2), it is clear that the Plaintiff (who continues to reside in Connecticut) and the child (who resided in Connecticut from the time of his birth in 1989 until at least 1995 when the Defendant allegedly removed him from the State) have a significant connection with Connecticut. The Court further concludes that, although a considerable amount of time has passed since the child last resided in Connecticut (assuming the Court were to accept the suggestion that the child has not resided here since 1995), substantial evidence is available in this State regarding the parties, their respective parenting skills, the child's training and his personal relationships.[9]
While this information admittedly may be dated, the Defendant's failure to bring forth any evidence whatsoever regarding the child's current circumstances renders this information, both qualitatively and quantitatively, superior to anything else available to the Court.
Under General Statutes § 46b-93 (a)(4), the Court cannot find, absent competent and probative information furnished by the Defendant, that any other state would have jurisdiction under prerequisites substantially in accordance with General Statutes § 46b-93 (a)(2) or (3).[10] The Court further finds, under the circumstances, that it is in the best interest of the child that jurisdiction be exercised over this action. Given the Defendant's apparent intention to conceal her whereabouts and the whereabouts of the child, the Plaintiff will have no forum in which to assert his parental rights unless this Court exercises jurisdiction over this matter. Unless and until it is persuaded that (i) another court has jurisdiction and the Plaintiff will have an opportunity to be heard, or (ii) the Plaintiff poses a threat to the well-being of the child, this Court believes that a child's best interest is generally served when a forum exists through which contact with a parent can be re-established.
Having concluded that jurisdiction exists, the Court need not inquire whether this is a convenient forum for resolution CT Page 5118 of this custody dispute because it has not yet been presented with a choice of any other forum.[11]
On the evidence presented, this Court concludes it has subject matter jurisdiction.
The Defendant's motion to dismiss is denied.[12]
Solomon, J.