[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff's complaint alleges the following facts. On October 11, 1995, the plaintiff, Mary Banatoski, while operating her motor vehicle was involved in a collision with another motor vehicle driven by the named defendant, Thomas Sheridan. Sheridan, at the time of the collision, was insured by the defendant Liberty Mutual Group a/k/a Liberty Mutual Insurance Company CT Page 11795 (Liberty Mutual).
Twenty days after the collision, Liberty Mutual sent a representative to the plaintiffs home. At this time the plaintiff alleges that she was 76 years old, still recovering from the serious auto collision, and that she was taking prescription medication for her injuries. The plaintiff also claims that at this time she was experiencing some memory loss and was having difficulty concentrating.
Despite the plaintiff's mental and physical state, the Liberty Mutual representative requested information regarding the plaintiffs medical condition, and then informed the plaintiff that the visit was "just a routine thing." (Plaintiff's Complaint p. 4.) The representative further told the plaintiff that she was there to reimburse the [p]laintiff for her medical bills be cause Liberty Mutual does not want [the plaintiff] to pay for them.'" (Plaintiff's Complaint p. 4.)
The representative then requested that the plaintiff sign a document so that the plaintiff could receive payment, and also "to show that the check went to [the plaintiff] and not to the [representative]." (Plaintiff's Complaint p. 4.) This document, however, was a "Full and Final Release," although the representative never informed the plaintiff of this fact. (Plaintiff's Complaint p. 5.) The representative then delivered to the plaintiff a check in the amount of $200.00.
Consequently, the plaintiff commenced this action against the defendants Sheridan and Liberty Mutual on October 9, 1997. The plaintiff is seeking relief for losses allegedly suffered as a result of the auto collision, as well as Liberty Mutual's conduct in obtaining the release.
The plaintiffs first count, which is not at issue here, is directed at Sheridan and alleges negligence. The plaintiff's second through sixth counts are directed at Liberty Mutual and allege respectively: (2) bad faith; (3) Connecticut Unfair Insurance Practices Act (CUIPA) and Connecticut Unfair Trade Practices Act (CUTPA) violations; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) fraud. Presently, Liberty Mutual has moved to strike counts two through six of the complaint.
Liberty Mutual argues in support of its motion to strike that CT Page 11796 the plaintiff's complaint is legally insufficient because the plaintiff, as a third-party claimant, cannot maintain an action for unfair settlement practices against the defendant insurer as a matter of law. The defendant also argues that the plaintiff's claims set forth legal conclusions, and not facts, and therefore the claims should be stricken.
The plaintiff argues in opposition that this action is not a "wrongful-refusal-to-settle" claim as the defendant asserts, and therefore the defendant's argument with respect to third-party claimants is misplaced. Moreover, the plaintiff argues that she has alleged sufficient facts in support of her claims.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citation omitted; internal quotation marks omitted.) RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Knight v. F. L. Roberts Co., 241 Conn. 466, 471,696 A.2d 1249 (1997). In reviewing a motion to strike, the court construes the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp., 
supra, 231 Conn. 384.
 I. BAD FAITH
"Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts." Buckman v. People Express,205 Conn. 166, 170, 530 A.2d 596 (1987). The courts, in considering whether a good faith duty extends to third party claimants, have repeatedly stated that "the law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing." (Internal quotation marks omitted.) Grantv. Colonial Penn Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996, Hauser, J.) (16 CONN. L. RPTR. 49). "A claim that an insurance company has engaged in . . . unfair settlement practices has been held to be CT Page 11797 actionable for insureds only, not for third-party claimants." (Internal quotation marks omitted.) Carroll v. Safeco Insurance, Superior Court, judicial district of Waterbury, Docket No. 117750 (April 5, 1994, Sullivan, J.) (11 CONN. L. RPTR. 271) (CUTPA claim based upon unfair settlement practices legally insufficient). The reason for this is that "[a]n insurance company does not have a duty to settle fairly with third-party claimants." (Internal quotation marks omitted.) Grant v.Colonial Penn Insurance Co., supra, Superior Court, Docket No. 321277; (16 CONN. L. RPTR. 49); Carroll v. Safeco Insurance, supra, Superior Court, Docket No. 117750; (11 CONN. L. RPTR. 271);Richards v. Deaton, Superior Court, judicial district of Danbury, Docket No. 309417 (March 11, 1993, Fuller, J.) (8 CONN. L. RPTR. 493).
Here, the plaintiff's complaint does not allege that she was a party to an insurance contract with Liberty Mutual. As such, the plaintiff is only a third-party claimant in this action. Therefore, the plaintiff's lack of any contractual relationship with Liberty Mutual renders her claim legally insufficient. SeeRichards v. Deaton, Superior Court, judicial district of Danbury, Docket No. 309417 (March 11, 1993, Fuller, J.) (8 CONN. L. RPTR. 493) (8 C.S.C.R. 362).
Moreover, the plaintiff's attempt to distinguish this action from "wrongful-refusal-to-settle" cases is unavailing. The plaintiff in her complaint states that "Liberty Mutual acted un-reasonably and in bad faith . . . [i]n that it failed to effectuate a prompt, fair and equitable settlement of the claims in which liability has become reasonable clear." (Plaintiff's Complaint p. 5.) Thus, by the plaintiff's own admission, this action is predicated upon Liberty Mutual's purported wrongful settlement practices.[1] Furthermore, regardless of whether this action is a "wrongful-refusal-to-settle" action or not, with respect to the plaintiff's bad faith claim it is the legal status of the parties, and not the characterization of the case that is controlling. Here, the plaintiff is a third-party claimant, not an insured under the insurance contract. Thus, the defendant's motion to strike count two of the complaint is granted.
 II. CUIPA/CUTPA
The plaintiff claims that Liberty Mutual's tactics in procuring the release of liability was in violation of General Statutes § 38a-816 (6) (CUIPA). Additionally, the plaintiff claims that Liberty Mutual's CUIPA violation forms the basis for a CUTPA violation pursuant to General Statutes § 42-ll0a (CUTPA). CT Page 11798 The court, however, disagrees.
At common law, there was no cause of action for unfair claim settlement practices by third-party claimants against insurers of tortfeasors. Thompson v. Aetna Life Casualty Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 308821 (May 15, 1987, Satter, J.). Yet, the legislature has enacted General Statutes § 38a-816 (6), which provides in pertinent part: "Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice any of the following: . . . (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear."
This court is of the opinion, however, that Judge Satter's interpretation of General Statutes § 38-61 (6) (now General Statutes § 43a-816 (6)) in Thompson v. Aetna Life CasualtyCompany, prohibiting third-party claimants from bringing direct-private actions against insurers for unfair settlement practices under CUIPA was correct. Furthermore, this court does not stand alone in its agreement with Judge Satter's well-reasoned and researched opinion. See Wissler v. Papastavrou, Superior Court, judicial district of New Haven at New Haven, Docket No. 278136 (June 12, 1990, Berdon, J.) (1 CONN. L. RPTR. 737) (third-party claimant cannot maintain CUIPA or CUTPA claim against insurer);Peterson v. Allstate Insurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 9387142 (September 17, 1992, Hennessey, J.) (7 CONN. L. RPTR. 376) (CUIPA, CUTPA and breach of duty of fair dealing legally insufficient) Stabile v. Southern Connecticut Hospital Systems, Superior Court, judicial district of Fairfield, Docket No. 366120 (October 31, 1996, Levin, J.) (18 CONN. L. RPTR. 15) (court held that a private cause of action may not be implied in General Statutes § 38a-816 (6)); Carroll v. Safeco Insurance, 
supra, Superior Court, Docket No. 117750 (11 CONN. L. RPTR. 271) (no CUIPA cause of action for third-party claimant against insurance company).
Therefore, as the plaintiff in this action is a third party claimant, she "cannot sue the torteasor's insurer under CUIPA."Allis v. Aetna Casualty Surety Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294731 (February 11, 1993, Leheny, J.) (plaintiff third-party claimant cannot sue tortfeasor's insurer under CUIPA or CUTPA). CT Page 11799
Moreover, since the plaintiffs CUIPA claim is legally insufficient, and her CUTPA claim is predicated upon the viability of the CUIPA claim, so too must her CUTPA claim be stricken. "A plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry." (Internal quotation marks omitted.) Grant v. Colonial PennInsurance Co., supra, Superior Court, Docket No. 321277; Allis v.Aetna Casualty Surety Co., supra, Superior Court, Docket No. 294731. Accordingly, the defendant's motion to strike the plaintiff's third count of the complaint is granted.
 III. Negligent Infliction of Emotional Distress
The Connecticut Supreme Court first recognized a cause of action for negligent infliction of emotional distress inMontinieri v. Southern New England Telephone Co., 175 Conn. 337,345, 398 A.2d 1180 (1978). There, the Court concluded that in "order to state a claim, the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997).
Here, however, the gravamen of the plaintiff's negligent infliction of emotional distress claim is the negligence of Liberty Mutual in causing the plaintiff harm, and therefore the necessary elements of a negligence cause of action must be alleged. "[T]he plaintiff cannot recover [in negligence] without proving the necessary elements to establish negligence on the defendants part." Montinieri v. Southern New England TelephoneCo., supra, 175 Conn. 345. "There can be no actionable negligence . . . unless there exists a cognizable duty of care."Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996) (Connecticut Supreme Court affirmed trial court's striking of negligent infliction of emotional distress claim for lack of duty).
As indicated previously, an insurer has no duty to settle an insurance claim with a third-party claimant fairly. See Decormerv. Grange Mutual Casualty Company, Superior Court, judicial district of New London at New London, Docket No. 525835 (October 18, 1993, Hurley, J.) (10 CONN. L. RPTR. 258) (motion to strike emotional distress claim granted because lack of contractual duty between parties renders CT Page 11800 claim legally insufficient). Consequently, because Liberty Mutual did not owe the plaintiff a duty to settle her claim fairly, it cannot be liable to the plaintiff for negligent infliction of emotional distress. Accordingly, the plaintiff's claim is legally insufficient, and the defendant's motion to strike the fourth count of the complaint is granted.
 IV. Intentional Infliction of Emotional Distress
For the plaintiff to maintain an action for intentional infliction of emotional distress against the defendant, "four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . ." DeLaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991).
The tort of intentional infliction of emotional distress does not require that the tortfeasor breach any duty to the claimant; rather, it is the tortfeasor's intentional conduct that is the basis for the claim. Hornyak v. Northbrook Property, Superior Court, judicial district, Docket No. 133334 (June 30, 1997, Gill, J.) (19 CONN. L. RPTR. 655) (intentional, unlike negligent infliction of emotional distress, does not require a breach of duty); Peytan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). Thus, regardless of whether an insurer does or does not owe a third-party claimant a duty to settle fairly, the insurer is not free to undertake a course of conduct calculated to cause any individual severe emotional distress.
When the court views the allegations of this count in a light most favorable to the plaintiff, the court is satisfied that the plaintiff has sufficiently set forth a claim for intentional infliction of emotional distress. The plaintiff's allegations that the defendant acted "unfairly and deceptively" in securing the release, together with the remaining factual allegations of the complaint, sufficiently meet all of the elements of the cause of action. (Plaintiff's Complaint p. 6.) Accordingly, the defendant's motion to strike the plaintiff's fifth count of the complaint is denied.
 V. Fraud CT Page 11801
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Internal quotation marks omitted.)Muller v. Muller, 43 Conn. App. 327, 337-38, 682 A.2d 1089
(1996).[2]
After a close examination of the allegations contained within the plaintiff's complaint, the court concludes that the plaintiff has sufficiently alleged facts to support her claim for fraud. The allegations of the plaintiff's complaint, when viewed in their most favorable light, allege that the defendants representative made particular statements to the plaintiff that the representative knew to be false. (Plaintiff's complaint pp. 4-6, 8-9.) The plaintiff, in reliance on the defendant's misrepresentations, then signed the release document. (Plaintiff's complaint 8-9.) Moreover, the plaintiff alleges that she was injured as a result of her reliance on the defendant's misrepresentations be cause she still has expenses stemming from the collision, but the release prevents her from any further recovery. (Plaintiff's complaint p. 8-9.) Therefore, the plaintiff's claim for fraud is sufficient, and the defendant's motion to strike the sixth count of the plaintiff's complaint is denied.
Accordingly, the motion to strike counts two (bad faith), three (CUIPA and CUTPA) and four (negligent infliction of emotional distress) is granted.
The motion to strike counts five (intentional infliction of emotional distress) and six (fraud) is denied.
Lastly, as the defendant has moved to strike the plaintiff's prayer for relief, the court, in light of the foregoing, strikes the third count of the plaintiff's prayer for relief in its entirety. With respect to the first and second counts of the plaintiff's prayer for relief, the court strikes only those portions of the prayer for relief that correspond to the stricken counts of the complaint. CT Page 11802
Sandra V. Leheny Judge of the Superior Court