[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON PLANTIFF'S MOTION TO DISMISS
On August 31, 1998, the grandparents of the plaintiff's children filed a motion to modify a dissolution order dated August 4, 1988. That order provides that the grandparents "shall have visitation rights which shall consist of two periods of one week each per year upon thirty days notice to the plaintiff as to which weeks."[1] The plaintiff now moves to dismiss the motion CT Page 12832 for modification on the ground that this court lacks jurisdiction pursuant to General Statutes § 46b-93.
Section 46b-93(a) provides that "[a] court of this state shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4)(A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction."
It is undisputed that the plaintiff and her children have lived in Oak Park Heights, Minnesota since 1988.[2] Moreover, the children have continuously attended school in Minnesota and are currently involved in various activities there that require their daily participation. Although this court had previously considered this case, the foregoing facts reveal that the children no longer have a significant connection with Connecticut. See Muller v. Muller, 43 Conn. App. 327, 333,682 A.2d 1089 (1996). Accordingly, this court does not have jurisdiction to modify the visitation order. The motion to dismiss is, therefore, granted.
Owens, J.