[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Petitioner Joseph Mikolinski, Sr. appears before this court seeking a Modification of Visitation Ordered in a Foreign Decree CT Page 4029 with regard to the minor child Joseph Mikolinski, Jr. For the reasons articulated in this memorandum of decision, this court assumes jurisdiction to modify the foreign order and grants Joseph Mikolinski's petition for a hearing on the issue of visitation
 Procedural History
In 1993 Petitioner Joseph Mikolinski and Respondent Barbara Monahan, had a relationship that resulted in the birth of Joseph Mikolinski, Jr. on March 18, 1984. The parties ended their relationship shortly after the child's birth. Until sometime in 1998 both parties were residents of the state of New York.
In January of 1984, Joseph Mikolinski and his son moved to Connecticut where they continue to reside. Barbara Monahan remained in New York, where she continues to reside. The minor child, Joseph, Jr., is at the heart of this dispute. Since his birth, there has been extensive litigation between the parties regarding his custody, care and visitation.
On December 18, 1998 Joseph Mikolinski filed in this Court a petition requesting this Court to enforce the provisions of a visitation order which was issued by the Family Court in the Oswego County Family Court of the State of New York. In his petition Joseph Mikolinski makes reference to a petition then pending in the Family Court in New York in which Barbara Monahan seeks to terminate his right to legal custody of the parties' minor son, and to have the Family Court in New York vest legal custody in her.
In February of 1999 Connecticut Superior Court Judge Barry Stevens, acting pursuant to Connecticut General Statutes § 46b-96 (a),(c)[1]. stayed this Connecticut proceeding because Joseph Mikolinski, Sr's petition for custody was pending in Family Court in New York.
Thereafter, the Family Court of the County of Oswego, State of New York in its decision and order of July 9, 1999 — while recognizing an earlier New York court order — granted sole legal and physical custody of son Joseph Jr., to his father, and awarded extensive visitation rights to his mother. The July 9, 1999 order of the Family Court of New York concluded the New York Proceedings and acknowledged that to effectuate Barbara Monahan's rights of visitation Joseph Mikolinski Sr. must drive his son CT Page 4030 approximately 5 to 6 hours from his home in Connecticut one-way to her home in New York.
Finding the transportation aspect of effecting Barbara Monahan's visitation rights burdensome, Joseph Mikohinski in October 1999 filed in this Superior Court the instant motion for modification of the visitation order of the Family Court of New York. In his motion, petitioner Mikolinski claims that the visitation schedule requiring him to transport his son to and from New York jeopardizes his employment because the trip to New York takes approximately six hours each way and he must leave work early in order to ensure that his son arrives in New York at the scheduled time. Petitioner claims that he has missed many day of work and that his employer informed him that he will lose his job if he continues to leave early.
The consideration of whether this Court should entertain Joseph Mikolinski's petition for a hearing to modify the visitation order of the Court in New York turned on the parameters established by the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA), Connecticut General Statutes § 46b-93. The UCCJA is designed to prevent forum conflicts in custody disputes. The UCCJA provides in relevant part that this court may exercise jurisdiction where either 1) this state is the home state[2] of the child at the time of commencement of the proceeding, or had been the child's home state within six months before the commencement of the proceeding, or 2) if it is in the best interest of the child that a court of this state assume jurisdiction because the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships. Id.
The general purposes of the UCCJA include ". . . avoid[ing] jurisdictional competition and conflict with courts of other states in matters of child custody . . ., ". . . assur[ing] that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection . . . and that courts of this state decline the exercise of jurisdiction when the child and his family have closer connection with another state." § 46b-91.
While the UCCJA was enacted to avoid competition and conflict with courts of other states in matters of child custody and visitation, it does not grant indefinite jurisdiction to the CT Page 4031 state that made the initial decree. When that state may no longer exercise jurisdiction substantially in accordance with the terms of the statute, it must give way to the state that has become the more appropriate forum.
The home state of the child is of overriding concern in making the decision to exercise or decline jurisdiction in a child custody or visitation matter. In Muller v. Muller,43 Conn. App. 327 (Ct.App. 1996), the trial court granted the plaintiff's motion to dismiss for lack of subject matter jurisdiction because the child was a resident of California. The defendant appealed. The Appellate Court noted that the UCCJA applies to visitation rights as well as custody disputes. "Pursuant to Connecticut General Statute § 46b-92(2) `a dispute regarding visitation rights presents an issue for custody determination."'[3] Id. at 330. The Appellate Court determined that the trial court properly decided it lacked jurisdiction to determine visitation because under the UCCJA, jurisdiction had become vested in California where the plaintiff and child had lived since the child's birth.
The UCCJA creates a presumption that the home state of the child is the most appropriate forum to hear matters of child custody. Under the UCCJA, Connecticut may assume jurisdiction in this matter if it is the home state of the child at the time of the commencement of the proceeding or has been the home state of the child within six months before the commencement of the proceeding. Under the provisions of the statute, Connecticut is now the home state of the minor child because he has been a resident of this state since 1998 and has continued to reside here since Joseph Mikolinski filed his petition with this Court.
An alternative basis of jurisdiction is set out in that part of the UCCJA that addresses significant state connections under the "best interest" standard
 The Best Interests of the Child
Under Connecticut General Statutes § 46b-93(a), a court shall have jurisdiction to make a child custody determination if it is in the best interest of the child that a court of this state assume jurisdiction because the child and at least one contestant have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships. CT Page 4032
The Supreme Court of Connecticut in Kioukis v. Kioukis,185 Conn. 249 (1981), found that Connecticut did not have jurisdiction to modify a visitation order because it was not the home state of the child at the commencement of the modification proceeding. The Court looked to the language of the UCCJA for guidance and concluded that jurisdiction exists only if it is in the child's best interest. That interest is served when the forum with optimum access to relevant evidence about the child and his family resolve issues of custody and visitation. "There must be maximum rather than minimum contacts with the state." Id. at 258. The Court also stated that "[if] the child and his family no longer have appreciable ties with the state that issued the initial order, a new custody court takes the place of the original one for the purposes of adjustments and modifications. . . ." Id. at 253.
The court finds, pursuant to § 46b-93a(2) that it is in the best interest of minor Joseph that Connecticut assume jurisdiction in this matter because Connecticut is the state to which of the plaintiff and his son have the most significant connections. Furthermore, there is available in Connecticut substantial evidence concerning the child's care, protection, medical records, schooling, friends, and family relationships.See, UCCJA § 46b-93(a)(2). It should be noted that the proceeding in New York was concluded on July 9, 1999.
Accordingly, a hearing on Joseph Mikolinski's petition to modify the visitation order is scheduled for Friday May 19, 2000 at 11:00 a.m. in Courtroom 6-D, in this Court.
Clarance J. Jones, Judge