[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Marshall Chambers seeks an order from this court granting to him joint custody and visitation of the four minor children born of his marriage to Vearlene Chambers. For the reasons articulated in this memorandum of decision this court finds that it does not have the jurisdiction necessary to grant the requested relief.
Plaintiff Marshall Chambers and defendant Vearlene Chambers were married in the state of New Jersey. The four children issue of the marriage are Marshall Jr., Latoya, Darnell and Stephanie Chambers. By complaint, dated December 23, 1994, plaintiff Marshall Chambers, a resident of Connecticut, brought this dissolution action in the Superior Court at New Haven. For all times material defendant Vearlene Chambers and the children have never resided in Connecticut.
The writ and complaint in this action were delivered by the Postal Service to defendant Vearlene Chambers in late December of 1994 or early January of 1995 at an address in Camden, New Jersey. A subsequent service of notice upon her was delivered by the Postal Service on June 11, 1996 in Augusta, Georgia. On June 4, 1996, Vearlene Chambers filed her written appearance in this case. CT Page 3954
On July 17, 1996 this court granted plaintiff Marshall Chambers an uncontested judgment dissolving his marriage. Defendant Vearlene Chambers was not present for any proceeding in this case. The decree of dissolution did not award custody of the children to either party, nor did it set forth any terms for visitation by Mr. Chambers. Additionally, the parties did not have an informal agreement in place for custody or visitation. However, the court did incorporate into the judgment of dissolution an order for child support which Vearlene Chambers had obtained from the Commonwealth of Virginia. The defendant presently resides in the Virginia.
In declining to issue the order requested by the plaintiff, this court reviewed the legislative limitations designed to regulate forum selection in cases where custodial and visitation disputes arise across state borders. The penultimate limitation is set out in the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA), Conn. Gen. Stat. Sec. 46b-93. Under the UCCJA this court may exercise jurisdiction where either 1) this state is the home state[1] of the children at the time of commencement of the proceeding, or had been the children's home state within six months before the commencement of the proceeding, or 2) if it is in the best interest of the children that a court of this state assume jurisdiction because the children and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the children's present or future care, protection, training and personal relationships. Conn. Gen. Stat. § 46b-93.
The general purposes of the UCCJA are to avoid jurisdictional competition and conflict with courts of other states in child custody matters, to assure that "litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection . . . and that courts of this state decline the exercise of jurisdiction when the child and his family have closer connection with another state." Conn. Gen. Stat. § 46b-91.
The home state of the child is of overriding consideration in making the decision to exercise or decline jurisdiction in a child custody or visitation matter. In Muller v. Muller,43 Conn. App. 327 (Ct.App. 1996), the trial court granted the plaintiff's motion to dismiss for lack of subject matter jurisdiction because CT Page 3955 the child was a resident of California. The defendant appealed. The Appellate Court noted that the UCCJA applies to visitation rights as well as custody disputes. "Pursuant to Connecticut General Statute § 46b-92(2) `a dispute regarding visitation rights presents an issue for custody determination.'"[2] Id. at 330. The Appellate Court determined that the trial court properly decided it lacked jurisdiction to determine visitation because under the UCCJA, jurisdiction had become vested in California where the plaintiff and child had lived since the child's birth.
This court finds that the Commonwealth of Virginia is the home state of the children inasmuch as they have lived there with their mother since 1994. Connecticut has no significant connection with either Mrs. Chambers or the children. It is in Virginia that there is substantial evidence concerning the children's present and future care, protection, schooling, medical records, friends, family, and personal relationships. Furthermore, there is no evidence that Virginia has declined to exercise jurisdiction over the children and there is no reason to believe that a court of that state would so decline.
Pursuant to the statutory guidelines set forth in UCCJA § 46b-93(a)(2), this Court declines exercising any jurisdiction to hear Marshall Chamber's motion for joint custody and visitation of his children. The courts of the Commonwealth of Virginia are in a position to receive and respond to any motion for custody and/or visitation which Marshall Chambers may file there.
Accordingly, plaintiff Marshall Chamber's motion to modify custody and for visitation, filed in this court, is denied.
Clarance J. Jones, Judge