[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS DATED MAY 19, 2000
The Memorandum of Decision dated June 14, 1993 (O'Sullivan, Trial Referee) ordered that "this Court shall retain jurisdiction in this action until further order of the Court." Since that time, Motions for Contempt involving denial of visitation rights have been heard by this Court, commencing in October 1993. At the time this case was instituted in December 1990, the plaintiff and the minor child were living in Connecticut.
At one point, custody of the minor child was awarded to the defendant, as a sanction against the plaintiff for her contemptuous behavior. Thus, the Connecticut Court has had a long and involved history in this case concerning the alleged contempt by the plaintiff over visitation orders entered in the original decree. During the course of the litigation, the plaintiff and the minor child moved to North Carolina.
The present Motion for Contempt which is before this Court, is not subject to the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.). The present Motion for Contempt does not involve a change or modification of custody or visitation. The Muller case, cited by plaintiff (43 Conn. App. 327 (1996)) had to do with a Motion to Modify a visitation order entered by the Connecticut Court.
In the present case, the time during which this Court has retained jurisdiction has not expired as it had in the Muller case. The Muller case did not consider whether such retention would have any impact on any of the criteria for the exercise of jurisdiction to make a custody (visitation) determination as set forth in § 46b-93 Connecticut General Statutes of the U.C.C.J.A. As previously set forth, the trial Judge has retained jurisdiction of this matter until further order of the Court.
The Court found in December of 1994 that it was in the best interests of the child for this Court to continue to exercise jurisdiction because the child had a significant connection with this State and since the visitation in question was to occur in Connecticut, the evidence concerning visitation was more readily available in this State. The stipulation of the parties dated June 21, 1995 concerning visitation was certainly in the best interests of the child, as well as the mother, in view of the transportation problems both parties were experiencing. Both parties signed the written stipulation.
The Connecticut Court has been involved in the issue of Contempt for non-visitation since the date of the original judgment on June 14, 1993, at which time the Connecticut Court retained jurisdiction until further order. The plaintiff has chosen not to honor the agreement she entered CT Page 6410 into, which agreement was reduced to writing, signed by both parties and approved by the Court. Until there is an Appellate Review, this agreement is the law of the case.
The Motion to Dismiss is denied. The parties shall contact the Clerk's Office for a hearing date on the Motion for Contempt, which is outside the U.C.C.J.A.
COPPETO, J.