[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By letter dated September 23, 1998, Judge John T. Bruewer of the Court of Common Pleas for Butler County, Ohio, notified this court, under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), G.S. § 46b-90ff, that a custody proceeding involving the parties and their children is pending in Ohio. This court and the Ohio court have communicated with each other, and information concerning the Ohio proceeding has been provided to this court. This opinion explicates this court's decision to decline to exercise jurisdiction any further in this matter.
On May 20, 1996, this court entered a judgment, pursuant to a CT Page 12257 stipulation between the parties, concerning custody of the parties' two children presently ages 9 and 4. The stipulated judgment provided that the parties have joint custody with the mother being the primary caretaker. Even though the children and mother were then residing in Ohio, the agreement specified that Connecticut had jurisdiction under the UCCJA because the children resided here when the action was commenced. The children and their mother have lived in Ohio since the spring of 1996.
The Ohio court records disclose that child welfare agencies in Ohio have monitored and intervened in the lives of the children and mother since April 11, 1996, because of the mother's substance abuse, lack of parenting skills and supervision over the children, and emotional abuse of the children. As a result of the mother's incarceration earlier this year on three driving under the influence charges, the children have been placed by Ohio authorities in foster care in Ohio. The Ohio proceeding concerns future placement and orders which may alter the original custody arrangement ordered by this court.
On October 19, 1996, this court conducted a hearing under G.S. §§ 46b-94 and 46b-97(b) on the issue of whether Connecticut ought to retain jurisdiction or relinquish it to Ohio concerning custody of the children. The court concludes that Connecticut ought to decline to continue to exercise jurisdiction under § 46b-97 because Connecticut is an inconvenient forum to decide the best interests of these children.
lt is not the convenience to the parents which controls, but rather which forum is in the better position to determine the best interest of the children. Brown v. Brown, 195 Conn. 98, 114
(1985). In arriving at its decision, the court must evaluate the factors set forth in § 46b-97(c), Ozkan v. Ozkan,18 Conn. App. 73, 79 (1989).
The court finds that the children have resided in Ohio for at least the past two and one-half years. Those agencies have already sought access to the children's medical and school records and the mother's penal and rehabilitative records. The mother remains under the supervision of the Ohio courts and institutions. The children's foster parents and records of foster care are in Ohio.
Ohio is the children's home state as defined by § 46b-92. Ohio is clearly more closely connected to these children and CT Page 12258 their mother than Connecticut. Substantial evidence in the form of medical, educational, penal, and rehabilitative records, and the testimony of caseworkers and foster parents is more readily available to the Ohio courts than those of Connecticut. Under § 46b-97(c), the court holds that it is in the children's interest that the courts of Ohio assume jurisdiction over this custody matter.
Sferrazza, J.