[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 18, 1998 the Defendant filed a "Petition for Emergency Injunction" pursuant to the Connecticut Uniform Child Custody Jurisdiction Act (Conn. Gen. Statutes, Sec. 46b-90 et seq.) and the Federal Parental Kidnapping Prevention Act (28 U.S. Code Sec. 1738A) seeking legal and physical custody of the parties minor children.
On September 21, 1998 this Court denied said Petition.
On September 25, 1998 the Defendant filed a "Petition of Emergency Injunction" seeking the same relief sought in his Petition dated September 18, 1998. CT Page 14285
On September 28, 1998 this Court denied said Petition.
On October 5, 1998 the Defendant filed a "Motion for Reconsideration of Court Ruling to Deny Defendant Motion for Emergency Injunction".
After a hearing, giving the Defendant full and complete opportunity to be heard and to make his legal arguments, this Court on November 5, 1998 denied said Motion for Reconsideration.
On November 9, 1998 the Defendant filed "Defendant's Motion for Reconsideration of Court Ruling Pertaining to Emergency Injunction", "Memorandum in Support of Defendant's Motion for Reconsideration of Court Ruling Pertaining to Emergency Injunction" and "Defendant's Supplement to Motion for Reconsideration of Court Ruling Pertaining to Emergency Injunction". On December 3, 1998 the Defendant also filed "Defendant's Second Supplement to Unopposed Motion for Reconsideration of Court Ruling Pertaining to Emergency Injunction".
On December 3, 1998 this Court took the papers on the matter pursuant to Practice Book section 11-12.
By way of background, the following facts are present in the Court file.
On June 12, 1990 the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, entered a Judgment and Decree of Divorce in the case of Linda Susan Book v. Ethan G. Book, Jr.
On September 9, 1991 the same Idaho Court entered an Order denying Motion to Set Aside Default Judgment. Both parties were represented by Idaho counsel in said matter. The Court found that the Defendant conceded that "this Court has personal jurisdiction" over him.
On November 21, 1991 the Plaintiff filed in the Connecticut Superior Court, pursuant to Conn. General Statutes, 46b-71 et seq. the Judgment of Divorce and the Order denying the Motion to Set Aside the Default.
On November 26, 1991 the Defendant filed an Appearance in this matter. He also filed a "Statement" which was coded into the CT Page 14286 file as an Answer. He stated therein that the case was under active appeal in Idaho and therefore should not be enforced in Connecticut. He also offered some additional observations regarding jurisdiction of the Idaho Court.
On December 10, 1991 the Defendant filed with the Court a "Statement and Petition to Vacate the Registration of a Foreign Matrimonial Judgment". This was coded in the file as a Statement.
No action was taken or any additional papers filed with this Court until September, 1998.
The Defendant is now asking the Court to rehear its earlier ruling denying the request for the injunction.
This Court has fully and completely reviewed all of the documents submitted by the Defendant and has reviewed the pertinent case law and statutes.
At the first hearing the Court gave the Defendant full and complete opportunity to be heard regarding his request. The second request adds no new information. It provides no information which was unavailable at the first hearing.
The Defendant's attempts to rely on the Connecticut Uniform Child Custody Jurisdiction Act and the federal Parental Kidnapping Prevention Act are misplaced and inappropriate under the law. See Perez v. Perez, 212 Conn. 63 (1989) Ozkan v. Ozkan,18 Conn. App. 73 (1985) Brown v. Brown, 195 Conn. 98 (1985) and Agnello v. Becker, 184 Conn. 421 (1981) See also In Re Anthony R.,41 Conn. Sup. 505 (1990) See also the following Connecticut Trial Court Unpublished Decisions: Seldon v. Dunn No. 112255 (April 14, 1998) Doucette v. Murray No. 0541490 (Jul 1, 1997) and Andrews v. Andrews No. FA92 300136 (Jan 8, 1993).
In his own Affidavits, the Defendant states that the Plaintiff moved to Idaho in 1988. He received notice of the plaintiff's filing for divorce in March of 1990. The Defendant then hired an attorney in Idaho to challenge the divorce. He failed. There appears to have been an appeal, which was not reported to this Court as having changed the judgment of dissolution.
The Defendant is effectively asking a Court of the State of Connecticut to modify the terms of the Idaho judgment pertaining CT Page 14287 to the custody of the two remaining minor children. These children live in Idaho. Idaho is their home state. A valid judgment was entered in Idaho. Under no statutory authority does the State of Connecticut have any jurisdiction to hear the Defendant's application for relief. The Defendant must avail himself of the laws of the State of Idaho, in Idaho, if he wishes to change the order of the Idaho court.
The Defendant's Motion for Rehearing is denied.
FRANKEL, JUDGE